1
2
3
4
5
6

UNITED STATES DISTRICT COURT
7  WESTERN DISTRICT OF WASHINGTON
8  AT TACOMA

9  SKF USA INC.,                                   )
                                                  )
10                            Plaintiff,           )        No.
                                                  )
11      v.                                         )        **COMPLAINT**
                                                  )        (Trademark Infringement;
12  CIRCUIT BREAKERS PLUS and                      )        Counterfeiting; Unfair Competition)
    MICHAEL R. CALKINS, an individual,             )
13                                                 )
                              Defendants.          )
14  _____)

15      Plaintiff, SKF USA Inc. ("Plaintiff" or "SKF"), states the following for its complaint

16  against defendants Circuit Breakers Plus ("CPB") and Michael R. Calkins ("Calkins")

17  (collectively, "Defendants"), as follows:

18      1.      This is an action at law and in equity for Trademark Infringement,

19  Counterfeiting, and Unfair Competition arising under the Trademark Act of 1946, 15 U.S.C.

20  § 1051, et seq. (1994) ("Lanham Act") and the Common Law of the State of Washington.

21      2.      SKF seeks equitable relief and damages pursuant to Sections 32 and 43(a) of

22  the Lanham Act (15 U.S.C. §§ 1114 and 1125(a)), and the common law of the state of

23  Washington.  These claims arise out of the unauthorized marketing, distribution, offering for

24  sale and sale of counterfeit SKF Bearings marked with Plaintiff's SKF® Trademarks by

25  Defendants.

26

COMPLAINT - 1

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

709251.0001/818052.1

**THE PARTIES**

3.    Plaintiff is a Delaware corporation with its principal place of business at 890 Forty Foot Road, Kulpsville, PA  19443-0332.  SKF is a subsidiary of Aktiebolaget SKF, a Swedish company, and is engaged in, *inter alia*, the business of manufacturing and selling ball and roller bearings, bearing housings, seals and other related products.

4.    Upon information and belief, Defendant CBP is a general partnership organized and existing under the laws of the state of California with its principal place of business at 201 Harris Avenue, #12, Sacramento, California  95838.

5.    Upon information and belief, Defendant Calkins is an individual resident of the state of California, who is co-owner of Defendant CBP, who resides at 2130 Stony Bar Way, Gold River, California  95670.

**JURISDICTION AND VENUE**

6.    This Court has subject matter jurisdiction over the claims in this action relating to the federal trademark counterfeiting, trademark infringement, and false designation of origin under the provisions of 28 U.S.C. § 1331, as a matter arising under the laws of the United States; under 28 U.S.C. § 1332(a), as a matter between citizens of different states, the amount in controversy exceeding the sum of $75,000, exclusive of interest and costs; under the provisions of 28 U.S.C. § 1338(a), as a civil action arising under an Act of Congress pertaining to trademarks; under 28 U.S.C. § 1338(b), as a related claim of unfair competition; and under the provisions of the Lanham Act, 15 U.S.C. §§ 1116 and 1121.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Count III as a non-federal claim arising out of facts identical to those which form the basis for the federal claims.

7.    This Court has personal jurisdiction over Defendants pursuant to RCW 4.28.185(1)(b) as Defendants' counterfeiting activities in the state of Washington and within this District constitute the commission of tortious acts within the state of Washington and also pursuant to RCW 4.28.185(1)(c) as Defendants own, use, or possess real or personal

COMPLAINT - 2

property situated within the state of Washington, namely the shipment of counterfeit SKF Bearings currently stored at the shipping facility of C.H. Robinson, located at 1300 SE Cardinal Court, Suite 190, Vancouver, Washington.

8.    Venue lies within this District upon the provisions of 28 U.S.C. § 1391(b)(2) and (c).

## FACTUAL BACKGROUND

**A.    SKF and the SKF® Trademarks.**

9.    Plaintiff is one of the world's leading manufacturers of ball and roller bearings, bearing housings, seals and other related products. Plaintiff advertises, markets and sells its products throughout the world under the SKF® trademark and various other trademarks incorporating the SKF® trademark.

10.    Plaintiff is the owner of numerous federal trademark registrations and pending trademark applications for the SKF® trademark. Plaintiff's trademarks include the following federal trademark registrations and pending trademark application (collectively, the "SKF® Trademarks"):

| Mark | Registration/Serial No. | Registration/Filing Date |
|------|------------------------|--------------------------|
| SKF® | 502840 | 1948 |
| SKF® | 860037 | 1968 |
| SKF® & Design | 2053722 | 1997 |
| SKF® & Design | 3370941 | 2008 |
| SKF EXPLORER™ | Serial No. 78/830899 | Filed 2006 |

The SKF® Trademarks remain in full force and effect and are owned by Plaintiff.

11.    SKF has used the SKF® Trademarks since as early as 1907 and obtained its first registration in 1948. Three of the SKF® Trademarks, Registration Numbers 502840, 860037 and 2053722 have become incontestable, by reason of appropriate filings under

COMPLAINT - 3

1  Section 15 of the Lanham Act, 15 U.S.C. § 1065, and a claim of ownership is made as to all

2  of the SKF® Trademarks entitled to at least constructive notice in accordance with Section 22

3  of the Lanham Act, 15 U.S.C. § 1072.  Copies of the registrations and application for the

4  SKF® Trademarks taken from the U.S. Patent and Trademark Office website are attached

5  hereto as **Exhibit A**.

6          12.    Plaintiff has continuously and extensively used, advertised and promoted the

7  SKF® Trademarks in commerce throughout the United States and the world, and in

8  connection with many products, including ball bearings and roller bearings ("SKF Bearings").

9          13.    Plaintiff carefully supervises, monitors and controls the quality of all

10  SKF Bearings displaying the SKF® Trademarks to ensure that the products are of a

11  consistently high quality.

12          14.    Plaintiff has expended significant capital and has devoted substantial amounts

13  of time and money to the production, marketing and promotion of its products bearing the

14  SKF® Trademarks.  As a result, the SKF® Trademarks are extremely valuable and constitute

15  a valuable asset in the advertising and sale of SKF Bearings to the public.

16          15.    As a consequence of Plaintiff's continuous and extensive use, advertisement,

17  marketing and promotion of the SKF® Trademarks and of the products bearing the

18  SKF® Trademarks, the SKF® Trademarks are distinctive of Plaintiff's products and have

19  strong secondary meaning.

20  **B.      Defendants' Counterfeiting Activities.**

21          16.    Upon information and belief, Defendants own the shipment of purported

22  SKF Bearings currently located and stored at the shipping facility of C.H. Robinson, located

23  at 1300 SE Cardinal Court, Suite 190, Vancouver, Washington (the "Counterfeit Shipment").

24          17.    Upon information and belief, on or about October 28, 2009, defendant Calkins,

25  on behalf of his company, CBP, contacted a bearing distributor in Portland, Oregon, in an

26  attempt to sell the Counterfeit Shipment.

COMPLAINT - 4

18.    The bearing distributor contacted by Defendant Calkins on October 28, 2009, was Royal Bearing Inc., located at 17719 NE Sandy Boulevard, Portland, Oregon ("Royal").

19.    Defendants arrived at the Royal facility on October 28, 2009, with a rented flatbed truck loaded with the Counterfeit Shipment, which comprised four pallets of bearings (measuring approximately ten feet square by three feet high) which weighed approximately 9,000 pounds.  Defendants met with a representative of Royal at this time.

20.    Defendants provided Royal with a written inventory report of all the parts that were included in the Counterfeit Shipment (the "Inventory").  A true and correct copy of the Inventory provided to Royal is attached hereto as **Exhibit B**.

21.    Upon information and belief, upon viewing the Counterfeit Shipment, the Royal representative became concerned that the products included in the Counterfeit Shipment did not appear to be packaged and shipped in the manner of authentic SKF Bearings.

22.    Upon information and belief, the Royal representative requested that Defendants leave the Counterfeit Shipment with Royal overnight at Royal's facility so that Royal could review the products to make a decision about whether to purchase the Counterfeit Shipment.  This request was intended to provide Royal the opportunity to inspect the bearings in the Counterfeit Shipment and to alert SKF to the Counterfeit Shipment.

23.    Upon information and belief, Royal took several photographs of the Counterfeit Shipment, including several close-up pictures of specific bearings.  These photographs were then provided to Royal's outside counsel, who subsequently provided the photographs to SKF.  True and correct copies of photographs of the Counterfeit Shipment taken by Royal are attached hereto as **Exhibit C**.

24.    Upon information and belief, on or about October 29, 2009, a Royal representative met with Defendants to discuss whether Royal would agree to purchase the

COMPLAINT - 5

Counterfeit Shipment for Defendants' asking price of $4.00 per pound, for the total price of $36,000.00.

25.    Upon information and belief, the total cost for legitimate SKF Bearings for the individual parts comprising the Counterfeit Shipment, as set forth in the Inventory (**Exhibit B**), would be well in excess of $300,000.00.

26.    Upon information and belief, a representative of Royal informed Defendants that Royal had decided not to purchase the Counterfeit Shipment and, further, that the bearings that he had reviewed from the Counterfeit Shipment appeared to be counterfeit SKF Bearings.

27.    Upon information and belief, Defendants stored the Counterfeit Shipment at the C.H. Robinson shipping facility in Vancouver, Washington overnight.  On October 30, 2009, Defendants removed the Counterfeit Shipment from the C.H. Robinson facility and had the Counterfeit Shipment prepared for shipping to a facility located in South Carolina.

28.    After learning about the release of the Counterfeit Shipment to Defendants by C.H. Robinson, SKF contacted C.H. Robinson and requested that C.H. Robinson instruct the driver of the truck containing the Counterfeit Shipment to return to C.H. Robinson's facility in Vancouver, Washington, so that SKF could inspect the Counterfeit Shipment before it could be released into the stream of commerce.  C.H. Robinson stopped the shipment of the Counterfeit Shipment and it was returned to C.H. Robinson's facility in Vancouver, Washington on October 30, 2009.

**C.    SKF's Investigation of the Counterfeit Shipment.**

29.    On October 29, 2009, SKF's engineering consultant, Dan Snyder ("Mr. Snyder") was asked to evaluate the photographs of the purported SKF Bearings comprising the Counterfeit Shipment (**Exhibit C**).  SKF requested that Mr. Snyder inspect the photographs to determine whether the bearings depicted in the photographs were legitimate SKF Bearings.

COMPLAINT - 6

30.     As part of his examination, Mr. Snyder examined all markings and identifying markers appearing on the bearings, as well as the packaging in which each bearing was shipped, along with the overall shipping materials depicted in the photographs.  Mr. Snyder also cross-referenced the various bar-codes and part numbers depicted in the photographs with SKF records to determine if they accurately reflected the information contained in SKF's database.

31.     Based on the items depicted in the photographs, Mr. Snyder could identify eight different part numbers representing four basic bearing types.  In addition, the photos included UPC or bar codes for seven of the part numbers.  The eight part numbers were 29434E; 6206-2Z/C3; 22220EK/C3; 7212BECBM; 6005/C3; 6002-2Z/C3; 6019/C3; and 6013-2Z/C3.

32.     Mr. Snyder's investigation of the bar codes identified in the photographs established that none of the bar codes depicted in the pictures matched those used by SKF for the indicated part numbers.  In fact, five of the seven bar codes depicted did not match any product in the SKF system.

33.     The photographs of the entire shipment of bearings revealed significant faults which indicated that the shipment did not contain authentic SKF Bearings.  In addition to the overall manner in which the parts were literally lumped together, the specific boxes were also not legitimate.  For instance, SKF does not bulk ship product in decorated boxes, such as those shown in the photos attached hereto as **Exhibit D**.  In addition, the SKF logo affixed to the boxes depicted at **Exhibit D** does not comply with SKF's trademark requirements.  Finally, one of the two boxes was also marked with the following:  "This package is protected against counterfeiting."  SKF has never marked any boxes with such a statement.

34.     Mr. Snyder's investigation also established that the date codes marked on the boxes in the photographs indicated, according to the legitimate SKF date-coding system, that the products depicted were produced between 2005 and 2007.  Given this timeframe,

COMPLAINT - 7

Mr. Snyder was able to make several observations based on the photographs which established that the bearings in the photographs from the Counterfeit Shipment are not legitimate SKF Bearings.

35.    For example, the bearing depicted in the photo attached hereto as **Exhibit E** purports to be an SKF bearing part number 29434E.  The box depicted in this photo indicates that the bearing was "Made in germany" [sic].  In reality, the 29434E was not made in Germany during the time period indicated by the date code on the box.  Additionally, the word "germany" appears with a lower case "g," which is never permitted on authentic SKF packaging.

36.    The bearing depicted in the photo attached hereto as **Exhibit F** purports to be an SKF bearing part number 7212BECBM.  The part shown in this photo purports to be "Made in Germany" as well.  However, this part number was not made by SKF in Germany during the time period indicated by the date code on the box.

37.    The bearings depicted in the photo attached hereto as **Exhibit G** purport to be SKF bearings with part number 6005/C3.  However, the information printed on these boxes is insufficient and fails to comply with SKF requirements for authentic SKF packaging, as it lacks several elements required to be marked on all legitimate SKF boxes.

38.    Based on his review of the photographs, Mr. Snyder concluded that the products depicted in the photographs of the Counterfeit Shipment attached hereto as **Exhibit C** were not authentic SKF Bearings.

39.    On or about October 30, 2009, SKF's representative inspected the physical bearings and products comprising the Counterfeit Shipment at the C.H. Robinson facility located in Vancouver, Washington.

40.    During the investigation, SKF reviewed the physical bearings, the packaging, the boxes in which the bearings were shipped, and all markings and information used thereon.  In addition, the majority of the boxes in the Counterfeit Shipment also contained the marking

COMPLAINT - 8

that coincides with SKF's anti-counterfeiting taggant.  To determine if the mark is authentic, SKF has a special reading device.

41.     The SKF representative was able to use the device to read the marks on the boxes in the Counterfeit Shipment.  The results for all of the boxes that had the special mark revealed that the boxes and, therefore, the bearings inside the boxes, were not authentic SKF Bearings.

42.     Based on the inspection of the physical bearings comprising the Counterfeit Shipment, including the results from the reading device, it was concluded that the parts in the Counterfeit Shipment were not legitimate SKF Bearings.

43.     Upon information and belief, the Counterfeit Shipment is still being held at the C.H. Robinson facility in Vancouver, Washington.

44.     Upon information and belief, despite being made aware of the fact that the Counterfeit Shipment contained counterfeit SKF Bearings by Royal, Defendants attempted to ship the Counterfeit Shipment to a facility in South Carolina for the purpose of offering for sale, and ultimately selling, the illegitimate SKF Bearings comprising the Counterfeit Shipment in the United States and/or internationally.

45.     Upon information and belief, Defendants knew that the bearings comprising the Counterfeit Shipment were not legitimate SKF Bearings, and offered them for sale and transported them for the purpose of selling them to customers in the United States.

46.     SKF has never granted Defendants any right to use or any other rights to the SKF® Trademarks.

47.     Upon information and belief, Defendants are, *inter alia*, purchasing, offering for sale, selling, distributing and marketing counterfeit SKF Bearings in the United States, which:

a.     are marked with Plaintiff's SKF® Trademarks directly on the bearings;

b.     closely resemble the appearance of legitimate SKF Bearings;

COMPLAINT - 9

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

709251.0001/818052.1

1        c.      are packaged in boxes and containers marked with Plaintiff's

2   SKF® Trademarks;

3        d.      have inaccurate bar code numbers on the boxes housing the bearings;

4   and

5        e.      have boxes and box labels that closely resemble the design and look of

6   boxes that house legitimate SKF Bearings.

7       48.     The counterfeit SKF Bearings in the Counterfeit Shipment being offered for

8   sale by Defendants create an aura of authenticity and demonstrate Defendants' role in a much

9   larger, sophisticated program for the production, distribution and sale of a large volume of

10  counterfeit SKF Bearings.  This is indicated by the:

11       a.      use of a branding and laser marking process to replicate the

12  SKF® Trademarks on the bearings themselves;

13       b.      use of a printing process to replicate the SKF® Trademarks on the box

14  labels;

15       c.      the use of a computer system and printing process to replicate bar code

16  numbers on the boxes that house the bearings; and

17       d.      the use of a packaging system to replicate SKF boxes and box labels.

18      49.     Defendants are distributing, marketing, offering for sale and advertising

19  counterfeit SKF Bearings as legitimate SKF Bearings.  Such goods are counterfeit, and their

20  continued sale impinges and threatens to destroy the goodwill SKF has built up over a long

21  period of time for the sale of quality bearings as SKF has no way of ensuring the quality of

22  the goods sold by Defendants under the SKF® Trademarks and, as such, SKF will be

23  irreparably harmed unless Defendants are enjoined from the sale of counterfeit goods bearing

24  Plaintiff's SKF® Trademarks.

25      50.     Defendants' unauthorized use of Plaintiff's SKF® Trademarks, in connection

26  with the sale of counterfeit SKF Bearings, constitutes the use in commerce of the

COMPLAINT - 10

reproduction, copy or colorable imitation of a registered trademark, as well as the appropriation of Plaintiff's goodwill and reputation associated with the SKF® Trademarks, which is likely to cause confusion or to cause mistake or to deceive, and is causing losses in sales of Plaintiff's genuine SKF Bearings thereby resulting in lost profits suffered by Plaintiff.

51.    Plaintiff and the public will continue to suffer irreparable injury unless Defendants are restrained from using the SKF® Trademarks, or any similar names thereto, in connection with their counterfeit bearings.

52.    Upon information and belief, Defendants have full knowledge of Plaintiff's exclusive and long established proprietary rights in and to the SKF® Trademarks and the strong secondary meaning which is attached to the SKF® Trademarks, but has proceeded in complete disregard of Plaintiff's rights.

53.    Unless immediately restrained and enjoined by this Court, Defendants will continue offering for sale, selling, distributing and marketing of unlawful and unauthorized bearings branded with the SKF® Trademarks, or colorable imitations thereof, causing Plaintiff irreparable injury.

54.    Plaintiff has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF

### (Unauthorized Use and Counterfeit of Federally Registered Trademarks

### Under 15 U.S.C. § 1114(1) of the Lanham Act)

55.    Plaintiff realleges each of the allegations set forth in paragraphs 1 through 54 above.

56.    Defendants' use of the SKF® Trademarks on unauthorized and illegitimate counterfeit products constitutes the use in commerce of a reproduction, copy, counterfeit or colorable imitation of registered trademarks, as well as the appropriation of Plaintiff's goodwill and reputation associated with the marks, which is likely to cause confusion or to

COMPLAINT - 11

cause mistake or to deceive in violation of Section 32(1) of the Lanham Act, 15 U.S.C.
§ 1114(1).

57.    Defendants have intentionally used Plaintiff's SKF® Trademarks knowing they are the exclusive property of Plaintiff in connection with the sale, offering for sale and distribution of a variety of goods including, but not limited to, SKF Bearings.

58.    Defendants' use of the SKF® Trademarks confuses and is likely to confuse the purchasing public as well as others engaged in business relations with Plaintiff.  Defendants' use of the SKF® Trademarks on counterfeit bearings injures the reputation, goodwill and prestige of Plaintiff and impairs the value of the SKF® Trademarks, which are uniquely associated with Plaintiff's goods, and causes other injury to Plaintiff.  Plaintiff and the public will suffer irreparable injury unless Defendants are restrained from using the SKF® Trademarks.

59.    Defendants engaged in and continue to engage in the aforementioned activities with the intent to confuse and deceive consumers into believing that Defendants and the counterfeit SKF Bearings they distribute, offer for sale and sell are in some way sponsored, affiliated or associated with Plaintiff, when in fact Defendants are not.

60.    The foregoing acts of infringement have been and continue to be deliberate, willful and wanton, making this an exceptional case pursuant to 15 U.S.C. § 1117.

61.    Defendants should be immediately restrained, temporarily and preliminarily enjoined and, upon final hearing, permanently enjoined from manufacturing, offering for sale, selling, distributing and marketing any bearings branded with any of the SKF® Trademarks, any colorable imitations thereof, or any other confusingly or deceptively similar marks or names pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116.

62.    In addition, Plaintiff is entitled to the other remedies available to it under the Lanham Act including, but not limited to, compensatory damages, treble damages, statutory damages, disgorgement of profits and/or costs and attorneys' fees.

COMPLAINT - 12

1

## SECOND CLAIM FOR RELIEF

2

### (False Designation of Origin and Unfair Competition

3

### Under 15 U.S.C. § 1125(a) of the Lanham Act)

4      63.     Plaintiff realleges each of the allegations set forth in paragraphs 1 through 62

5    above.

6      64.     At all times relevant to this lawsuit, Plaintiff has imported bearings under the

7    SKF® Trademarks and offered them for sale in interstate commerce.

8      65.     Plaintiff's SKF® Trademarks are uniquely associated with Plaintiff's products,

9    including legitimate SKF Bearings.

10     66.     Defendants' activities in "passing-off" their bearings as legitimate SKF

11   Bearings wrongly and deceptively confuses the public that the bearings are genuine and

12   emanate from Plaintiff, all to the detriment of Plaintiff, and will continue to damage Plaintiff

13   unless enjoined by the Court.

14     67.     As a result of Defendants' actions, Plaintiff has lost, and will lose in the future,

15   sales in an unknown amount due to the consumers' erroneous belief that Defendants' bearings

16   are genuine and emanate from Plaintiff.

17     68.     Plaintiff has been and will also continue to be injured by the fact that it has no

18   control over the type or quality of Defendants' bearings or the promotional advertising

19   activities utilized by Defendants.

20     69.     Defendants' activities in "passing-off" its bearings as legitimate SKF Bearings

21   injures the reputation, goodwill and prestige of Plaintiff, impairs the value of Plaintiff's

22   SKF® Trademarks, which are uniquely associated with the Plaintiff's SKF Bearings, and

23   causes other injury to Plaintiff. Plaintiff and the public will suffer irreparable injury unless

24   Defendants are restrained from using the SKF® Trademarks.

25     70.     Defendants' actions were and are done willfully with full knowledge of the

26   falsity of such designations of origin and false description or representations, and with the

COMPLAINT - 13

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

709251.0001/818052.1

1  express intent to cause confusion, mislead and deceive the purchasing public, to trade upon

2  the high quality reputation of Plaintiff and to improperly appropriate the valuable trademark

3  rights of Plaintiff, all to the detriment of Plaintiff.

4      71.    The aforesaid acts of Defendants constitute false designation of origin and

5  false description or representation and unfair competition, in violation of 15 U.S.C. § 1125(a)

6  of the Lanham Act.

7                    **THIRD CLAIM FOR RELIEF**

8          (**Common Law Trademark Infringement and Unfair Competition**)

9      72.    Plaintiff realleges each of the allegations set forth in paragraphs 1 through 71

10  above.

11     73.    Defendants' use and continued use of Plaintiff's SKF® Trademarks is causing,

12  and will continue to cause, confusion or likelihood of confusion by the public and/or

13  misunderstanding by consumers regarding the relationship of Defendants' bearings and

14  business to Plaintiff.    Defendants' use of identical trademarks as Plaintiff's

15  SKF® Trademarks on counterfeit products erroneously misleads the public into believing that

16  Defendants' bearings are legitimate SKF Bearings or are affiliated, sponsored or endorsed by,

17  or otherwise connected with, Plaintiff.  Defendants' continued conduct as stated constitutes

18  trademark infringement and unfair competition in that Defendants have used, and are using,

19  trademarks belonging to Plaintiff, in derogation of Plaintiff's common law rights in the

20  SKF® Trademarks.

21     74.    As a result of Defendants' actions, Plaintiff has lost, and will lose in the future,

22  sales in an unknown amount due to potential purchasers believing that the bearings purchased

23  from Defendants are those of Plaintiff, or are affiliated or sponsored by Plaintiff.  Plaintiff

24  will be further injured by the fact that it has no control over the type or quality of the bearings

25  being sold by Defendants or advertising or promotional activities.

26

COMPLAINT - 14

1       75.    Defendants' actions have been done willfully with full knowledge of the falsity

2   of such designations of origin and false description or representations, and with the express

3   intent to cause confusion, mislead and deceive the purchasing public, to trade upon the high

4   quality reputation of Plaintiff and to improperly appropriate the valuable common law

5   trademark rights of Plaintiff, all to the detriment of Plaintiff.

6       76.    Defendants' use of identical marks to the SKF® Trademarks on identical

7   bearings injures the reputation, goodwill and prestige of Plaintiff and causes other injury to

8   Plaintiff.    Plaintiff and the public will suffer irreparable injury unless Defendants are

9   restrained from using the SKF® Trademarks.

10   **PRAYER FOR RELIEF**

11       WHEREFORE, Plaintiff prays for judgment as follows:

12       1.    That Defendants, their directors, officers, partners, agents, servants,

13   employees, representatives and attorneys, and all persons in active concert or participation

14   with them, be preliminarily and permanently enjoined and restrained from using any

15   infringing, counterfeits, copies or colorable imitations of the SKF® Trademarks;

16       2.    Defendants, their directors, officers, partners, agents, servants, employees,

17   representatives, and attorneys, and all persons in active concert or participation with them, be

18   preliminarily and permanently enjoined and restrained from doing, aiding, contributing to,

19   causing and abetting any of the following:

20       a.    directly or indirectly infringing any of the SKF® Trademarks, either

21   through counterfeits or by using any colorable imitations or confusingly similar facsimiles

22   thereof;

23       b.    manufacturing, marketing, distributing, offering for sale and/or selling

24   bearings marked with or using any infringing, counterfeits, copies, or colorable imitations of

25   the SKF® Trademarks;

26

COMPLAINT - 15

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

709251.0001/818052.1

c.    directly or indirectly applying to or using on bearings or using on or in connection with the manufacture, marketing, distribution, offering for sale and/or sale thereof, any infringing counterfeits, copies or colorable imitations of the SKF® Trademarks, or any marks, emblems, logos, or terms which in any way imitate or simulate any of Plaintiff's SKF® Trademarks;

d.    engaging in any acts or activities, directly or indirectly, calculated to trade upon any of the SKF® Trademarks, or the reputation or goodwill of Plaintiff, or in any manner to compete unfairly with Plaintiff;

e.    using on, or in connection with, the manufacture, marketing, distribution, offering for sale and/or sale of any bearing, or on any related equipment or materials, or on or in any packaging, cartons, labels, price tags, tags, display carts, wrappers, promotional materials or advertising material of any nature whatsoever, any infringing counterfeits, copies, or colorable imitations of the SKF® Trademarks; and

f.    using on, or in connection with, the manufacture, marketing, distribution, offering for sale and/or sale of any bearings, or any related equipment or material related thereto, any packages, cartons, labels, price tags, tags, display carts, wrappers or any advertising matter whatsoever which bears any infringing counterfeits, copies or colorable imitations of the SKF® Trademarks or which otherwise falsely designates or represents or tends falsely to designate or represent that Defendants or their merchandise are somehow associated with, or approved by, Plaintiff, or that their bearings meet the standards of Plaintiff's SKF Bearings;

3.    Defendants be ordered to file with this Court and serve upon Plaintiff within thirty (30) days after service on Defendants of the injunction order, a report in writing, under oath, setting forth in detail the manner and the form in which Defendants have complied with such injunction;

COMPLAINT - 16

4.      All books and records, in whatever medium, within Defendants' custody or control relating or pertaining to the infringing bearings, which are not to be altered, changed or modified in any way, be submitted to counsel for Plaintiff so that it may be determined where such bearings have come from or were sent to, and that an accounting may be had of Defendants' sales and profits relating to the Defendants' sale of counterfeit SKF Bearings, and that Defendants pay to Plaintiff the following:

a.      all profits derived by Defendants and damages suffered by Plaintiff resulting from Defendants' sales or other exploitation of any other bearing or related product or material branded with any infringing counterfeits, copies or colorable imitations of the SKF® Trademarks, or as a direct or indirect result of its use of any infringing counterfeits, copies or colorable imitations of the SKF® Trademarks, or any of the other acts complained of hereinabove or, in the alternative, statutory damages pursuant to 15 U.S.C. § 1117(c);

b.      treble damages sustained by Plaintiff as a direct or indirect result of any of the acts complained of herein; and

c.      Plaintiff's attorneys' fees and costs pertaining to this action pursuant to 15 U.S.C. § 1117 of the Lanham Act;

5.      This Court order, pursuant to 15 U.S.C. § 1118, that all unauthorized and infringing labels, signs, prints, packages, wrappers, receptacles and advertisements in the possession of Defendants and their agents, servants and employees bearing any infringing counterfeits, copies or colorable imitations of the SKF® Trademarks shall be delivered up and destroyed; and

[Remainder of this page intentionally left blank.]

COMPLAINT - 17

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

709251.0001/818052.1

1      6.      Awarding Plaintiff such other and further relief at law or in equity, as this

2   Court may deem just and proper.

3          DATED:  November 5, 2009

4                                              LANE POWELL PC

5

6                                              By   /s/ Kenneth R. Davis II
                                                  Kenneth R. Davis II, WSBA No. 21928
7                                              Attorneys for Plaintiff SKF USA INC.

8                                              PEPPER HAMILTON LLP
                                               Paul J. Kennedy, *Pro Hac Vice Status Pending*
9                                              J. Anthony Lovensheimer, *Pro Hac Vice Status*
                                                  *Pending*
10                                             3000 Two Logan Square
                                               Eighteenth and Arch Streets
11                                             Philadelphia, PA  19103-2799
                                               Telephone:  (215) 981-4000
12                                             Facsimile:  (215) 981-4750

13                                             Of Counsel for Plaintiff SKF USA INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT - 18

709251.0001/818052.1